ARTHUR LEVITT, as Comptroller of the State of New York, Plaintiff, *v.* GEORGE W. WANAMAKER, as Director of the Department of Sales Tax of Erie County, et al., Defendants.

Fourth Department, January 5, 1961.

*Louis J. Lefkowitz, Attorney-General* (*Jean M. Coon* and *Paxton Blair* of counsel), for plaintiff.

*Elmer R. Weil, Erie County Attorney,* for George W. Wanamaker, defendant.

*Leo T. Minton, Monroe County Legal Adviser,* for ·John Buyck, defendant.

*John S. Ryan* of counsel for defendants.

Bastow, J. P. This submitted controversy results from a disagreement between the State Comptroller and certain county officials as to the right of the former in the performance of his duties to examine returns of sales and compensating use taxes in the custody of the defendants.

The dispute centers upon the so-called "secrecy" provision in the local laws which are mandated therein by chapter 278 of the Laws of 1947, as amended by chapter 651 of the Laws of 1948. This chapter authorizes the adoption by certain cities and counties of local laws imposing specified local taxes. Section 8 mandates the inclusion in any local law so enacted of certain provisions, including the following: "Except in accordance with proper judicial order, or as otherwise provided by law, it shall be unlawful for any officer or employee of the county or city to divulge or make known in any manner the receipts, expenses or other information relating to or contained in any such return."

The office of State Comptroller is a constitutional one (N. Y. Const., art. V, § 1), but the duties enumerated therein relate solely to State matters. There is, however, in the same section a delegation of power to the Legislature "to assign to [the Comptroller]: (1) supervision of the accounts of any political subdivision of the state". This delegation has been exercised and is found in sections 33 and 34 of the General Municipal Law. The former section directs the Comptroller periodically to cause the account of all officers of municipalities specified in section 30 to be inspected and examined. "On every such examination inquiry shall be made as to the financial condition and resources of the municipal corporation or district, and into the method and accuracy of its accounts." This directive is amplified by a grant of power in section 34 to examine into the financial affairs of the municipality, compel the attendance of persons, the production of books and papers, and the taking of testimony under oath.

It appears from the agreed statement of facts that in October, 1957, an examiner of accounts representing the Comptroller demanded access to sales tax returns of the County of Monroe for 1956. Relying on the afore-quoted statutory prohibition against disclosure and a ruling made by the Counsel of the Department of Taxation and Finance the defendant, Buyck, refused to produce the returns. Subsequently and in September, 1959 plaintiff's representative made demands upon the

defendant, Wanamaker, for the production of returns filed in
Erie County during the year 1958. For like reasons there was
a refusal to produce the returns.

Statutory prohibitions against disclosure of the contents of
tax returns are scattered throughout the Tax Law. (See §§ 202,
211, 219-oo, 384, 437 and 465.) The present submission appears
to be a case of first impression although in 1939 the Attorney-
General wrote four opinions upon the right of various officials
or persons to have information relating to tax matters. (1939
Atty. Gen. 125, 186, 207, 215.) In the opinion reported at
page 186 the Attorney-General stated that the State Comptroller
was entitled to access to income tax returns when necessary to
preaudit refunds as directed by section 1 of article V of the
Constitution. At about the same time the Legislature enacted
chapter 21 of the Laws of 1939 whereby six sections of the Tax
Law, each containing the so-called secrecy provision, were
amended to set forth a specific exception to permit the Comp-
troller to inspect reports for the purpose of the audit of a
refund.

In June, 1957, as heretofore stated, the Counsel of the Depart-
ment of Taxation and Finance advised the defendant, Wana-
maker, in writing that in his opinion the Comptroller had no
right to examine individual sales tax returns and that such right
must be sought by legislation to amend section 8 (L. 1947, ch.
278, § 8, as amd. by L. 1948, ch. 651, § 2) to grant specific
permission for the plaintiff to examine the returns.

In passing it should be noted that no legislative history has
been called to our attention stating the purpose of the 1939
amendments of the several sections of the Tax Law. It appar-
ently was done out of an abundance of caution. The State Con-
stitution (art. V, § 1) provides that " the refund of any money
paid to the state, except upon audit by the comptroller, shall be
void ". It is plain that such audit may not be made without the
Comptroller seeing the tax report. It is unnecessary to pass
upon the issue but there would appear to be considerable doubt,
in view of the constitutional mandate, if the Legislature could
constitutionally deny the Comptroller access to the returns in
connection with the audit of a tax refund.

Upon the issue here presented we conclude that the defendants
too narrowly construe the respective statutes. It appears that
the secrecy provision was primarily mandated into any local law
for the protection of the taxpayer. The Legislature, however,
acting upon an express delegated power in the Constitution has
directed the plaintiff to " cause the account of all officers of

each such municipal corporation and district to be inspected and examined  *  *  *  at such periods as he shall deem necessary.'' (General Municipal Law, § 33.) At the same time it has directed that any local taxing statute shall contain a provision that '' except  *  *  *  as otherwise provided by law '' it shall be unlawful for any municipal employee to divulge information relating to tax returns. (L. 1947, ch. 278, § 8, as amd. by L. 1948, ch. 651, § 2.)

The defendants are officers of a municipality. The plaintiff must cause their accounts to be inspected and examined. Obviously, this may not be done without access to the returns. Plaintiff was thus given by fair implication the authority to examine the returns. The secrecy clause here has no applicability because it falls within the stated exception and it has been '' otherwise provided by law '' that the county official may divulge the information required by plaintiff to audit the municipal accounts. '' A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.'' (2 Sutherland, Statutory Construction [3d ed.], § 4705, p. 339.)

Judgment should be granted for the plaintiff in accordance with the submission.

Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Submitted controversy unanimously determined in favor of the plaintiff, without costs, in accordance with the opinion.