Michael A. Cardozo Informal Opinion Corporation Counsel No. 2004-13 New York City 100 Church Street New York, New York 10007-2601
Dear Mr. Cardozo:
You have informed us that New York City has a local law requiring that certain tax information remain secret "[e]xcept . . . as otherwise provided by law." You have asked whether the State Comptroller is authorized under state law to access documentation from the New York City Department of Finance in connection with an audit of that department by the Comptroller. We are of the opinion that the Comptroller is so authorized.
Analysis
The State Comptroller has commenced an audit of the City Department of Finance ("Finance") to determine the efficiency of Finance's procedures with respect to collecting assessed business taxes and handling tax protests. To proceed with its audit, the Comptroller has requested various documents. Finance has taken the position that certain documents cannot be produced because they contain confidential tax information that cannot be disclosed pursuant to New York City Administrative Code §§ 11-538 (Unincorporated Business Income Tax), 11-688 (Business Taxes), and 11-1116 (Utility Tax).
These sections provide that
 [e]xcept in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful for the commissioner of finance, the department of finance of the city, any officer or employee of the department of finance of the city, . . . [and others including] any person who, pursuant to this section, is permitted to inspect any report or return, or to whom any information contained in any report or return is furnished, . . . to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report or return, under this chapter.
N.Y.C. Admin. Code § 11-688(1)[1]. The penalties for willful violation of sections 11-538, 11-688, and 11-1116 include dismissal from office, inability to hold any public office in the City or State for a period of five years, as well as criminal penalties. See N.Y.C. Admin. Code §§ 11-538(2) and (3); 11-688(2); 11-1116(b).
We are of the opinion that the powers and duties granted to the office of the State Comptroller pursuant to the Constitution and under state statute provide authority for the Comptroller or his designees to access confidential tax information during the course of an audit.
The Constitution authorizes the Legislature to assign to the Comptroller "supervision of the accounts of any political subdivision of the state." N.Y. Const. art. V, § 1. Pursuant to that authority, the Legislature has mandated that the Comptroller
 cause the accounts of all officers of each . . . municipal corporation . . . to be inspected and examined by one or more examiners of municipal affairs for such periods as the comptroller shall deem necessary. On every such examination inquiry shall be made as to the financial condition and resources of the municipal corporation . . . and into the method and accuracy of its accounts.
General Municipal Law § 33. The Comptroller's office is empowered to "examine into the financial affairs of every . . . municipal corporation . . ., and to compel . . . the production of books and papers." General Municipal Law § 34. In addition to authorizing financial audits, the Court of Appeals has interpreted these powers to include the authority to conduct "performance audits" — i.e., to examine the performance of government organizations, programs, activities, or functions — of New York City agencies. In re McCall v. Barrios-Paoli, 93 N.Y.2d 99
(1999)[2].
The secrecy provisions of New York City Administrative Code §§ 11-537, 11-688, and 11-1116 are essentially identical to numerous provisions of state law[3]. See, e.g., Tax Law §§ 202(1) (corporation tax); 697(e) (personal income tax); 1146(a) (sales and compensating use tax). The purpose of these provisions is two-fold: first, to protect the privacy interests of the reporting entity or individual, and second, to facilitate the State's collection of taxes by encouraging accurate self-reporting. See Inre N.Y. State Dep't of Taxation and Finance v. N.Y. State Dep't ofLaw, Statewide Organized Crime Task Force [OCTF], 44 N.Y.2d 575,579-80 (1978). Thus, the Legislature determined that information collected from tax returns generally must be strictly protected.
The Legislature did, however, recognize certain instances where the disclosure of otherwise confidential tax information was warranted. Thus, the Legislature sanctioned the divulgence of tax information when it was requested pursuant to "proper judicial order." See, e.g., Tax Law §§ 202(1); 697(e); 1146(a). The Legislature also recognized that other exceptions to the secrecy rule might exist: it provided that such disclosure was unlawful "[e]xcept . . . as otherwise provided by law." Id.
We are of the opinion that the mandate given to the Comptroller pursuant to General Municipal Law § 33 to "inspect and examine" municipal accounts, including their "method and accuracy," and the power, pursuant to General Municipal Law § 34, to "examine into the financial affairs of every . . . municipal corporation" and to "compel . . . the production of books and papers" constitute statutory authorization to access otherwise secret tax information[4] If it were not so, the Comptroller could not meet his statutory obligation, founded in the Constitution, to inspect and examine the "accounts of all officers" of a municipal corporation. General Municipal Law § 33.
Case law accords with this view. In 1961, interpreting a state statute, the Appellate Department concluded that the Comptroller was authorized to review sales tax returns which were otherwise subject to secrecy provisions. Levitt v. Wanamaker, 12 A.D.2d 149
(4th Dep't 1961). The court's conclusion was based on General Municipal Law § 33's mandate to the Comptroller to inspect and examine municipal accounts, and thus the divulgence of the tax information was "otherwise provided by law." Id. To refuse the Comptroller access to tax returns containing confidential information would have resulted in the Comptroller's inability to perform his mandate. See id. at 152. The court rejected the position, taken by counsel to the State Department of Taxation and Finance, see Letter from Mortimer M. Kassell, Counsel, Department of Taxation and Finance, to George W. Wanamaker, Director, Erie County Sales Tax Dep't (June 20, 1957), that the inclusion of more specifically-delineated exceptions to the secrecy rule — e.g., the State Comptroller could inspect tax returns for the purpose of an audit of a refund to a taxpayer, see, e.g., Tax Law § 202 — meant that the Comptroller's duties and powers granted by sections 33 and 34 of the General Municipal Law were not sufficient to constitute "other law." 12 A.D.2d at 151-52. The court indicated that to interpret the secrecy provisions to permit divulgence only to those entities named and for the reasons given would render the clause "[e]xcept . . . as otherwise provided by law" meaningless.Id.
Our conclusion is also consistent with the rationale of OCTF, which recognized that the "marshaling of revenues" was a valid reason to disclose otherwise confidential tax information, while investigations that bear no relationship to tax matters do not warrant disclosure. 44 N.Y.2d at 581, 582.
Finally, we note that the procedures surrounding the audit provide assurances that the confidential information will continue to be protected while also furthering the goals of efficient tax collection. We have been informed that the Comptroller's procedures in conducting an audit involving confidential tax information include providing to the releasing agency signed "secrecy agreements." Moreover, we note that the secrecy provisions provide that anyone to whom the secret information is disclosed is bound to protect the information, subject to the same penalties as Finance. N.Y.C. Admin. Code §§ 11-538(1); 11-638(1). In this way, the privacy of the information is protected, while the goal of efficient tax collection is furthered through the audit, as well as through the non-use of tax information for other than tax purposes.
For the reasons discussed above, we therefore conclude that state law authorizes the office of the State Comptroller to access tax information, in the course of an audit, that is otherwise secret.
The Attorney General renders formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
[1] The language of sections 11-538 and 11-1116 is substantially the same.
[2] You have indicated that you do not question the authority of the Comptroller to conduct the review.
[3] In fact, the relevant language of at least two of the provisions in question here was written by state law. See Act of July 1, 1966, ch. 772, § 1, 1966 McKinney's N.Y. Laws 941 (authorizing adoption of local law imposing corporate business and unincorporated business income tax, and requiring that terms of such local law be "substantially" as written by State Legislature).
[4] This is not a situation where the authority granted to the Comptroller is a "commonplace" one, such as the statutory authority rejected in OCTF, 44 N.Y.2d at 581 (Executive Law §70-a(3), granting Deputy Attorney General in charge of Organized Crime Task Force power to request and receive "cooperation and assistance" from enumerated state agencies in performance of his duties, insufficient authority to reveal secret tax information). Rather, this is a unique power granted only to the Comptroller pursuant to authority from the Constitution.